IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COHESIVE TECHNOLOGIES, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WATERS CORPORATION,<br><br>　　　　　　Defendant. | Civil Action Nos. 98-12308, 99-11528 and<br>01-12307 (DPW) |

**PLAINTIFF'S BRIEF REGARDING DAMAGES TRIAL PROCEDURE**

　　　　Plaintiff Cohesive Technologies, Inc. ("Cohesive") submits this brief regarding the issue of proceeding by way of a bench or jury trial on the remanded damages issues. For the reasons set forth below, Cohesive asserts that a bench trial on damages would be inappropriate and unnecessary and that the proper choice now is either for the jury to decide the remanded damages issue along with all the other issues it will consider or for the Court to decide, on the existing record, the narrow fact issue remanded by the Federal Circuit – namely, whether the Waters' 2.1 x 20 mm columns were an acceptable noninfringing substitute in view of the test enunciated in *Standard Havens* – before submitting the other issues to the jury. Either way, the jury will be deciding whether the 25 micron replacement columns infringed and what damages resulted from that infringement. For that reason, Cohesive suggests that the principles of judicial economy favor one simple jury determination of all the fact questions. If, however, the Court chooses to address the issue presented by *Standard Havens* itself, the parties should be permitted to brief and argue that issue.

**ARGUMENT**

I. **THE COURT SHOULD EXERCISE ITS DISCRETION TO INCLUDE THE DAMAGES ISSUE REMANDED BY THE FEDERAL CIRCUIT WITH THE OTHER ISSUES THAT WILL BE TRIED BY THE JURY.**

If the right to a jury trial is waived, "it is not revived by a reversal on appeal or by the grant of a new trial" but is "within the discretion of the trial court under Rule 39(b)." 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321 (2008); *see also Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 200 (1st Cir. 1987) ("We are of the view that the discretion under Rule 39(b) is very broad and that the case would be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion."). In exercising its discretion under Rule 39(b), the Court can consider many factors, including a change of circumstances. *See Ernst v. Jewel Tea Co.*, 13 F.R.D. 234 (N.D. Ill. 1952) (allowing jury trial after initially waived because the circumstances and conditions prevailing at the time plaintiff waived her rights had substantially changed).

Although Rule 39(b) does not provide specific guidelines for the exercise of discretion, there is a "strong federal policy favoring trial by jury of issues of fact." *Algarin-Torres v. Univ. of Puerto Rico*, 126 F.R.D. 8, 10 (D.P.R. 1989). When deciding whether exercise its discretion, the Court may consider, among other factors: 1) whether defendants are prejudiced by the granting of the motion; 2) to what extent will special instructions be necessary so that the jury may understand the issues; 3) will factual matters be easily understood by the jury; and 4) possible delays caused by the granting of the jury request.[1] *Id*.

---

[1] Similarly, the Fifth and Eleven Circuits have identified five factors that are useful in evaluating a Rule 39(b) motion: 1) whether the issues are best tried to a jury; 2) whether granting the motion would result in a disruption of the Court's or adverse party's schedule; 3) the prejudice to the adverse party; 4) the length of the delay in requesting a jury trial; and 5) the reason for movant's tardiness in requesting a jury trial. *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir.1990); *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983).

Applying these factors, the Court should exercise its discretion and submit all the damage issues to a jury. First, Waters will not be prejudiced because the parties will be engaged in a jury trial whether or not the Court decides the *Standard Havens* issue. Second, no special instructions will be needed as this issue is typically tried to a jury. Third, whether or not the 2.1 x 20 mm columns were an acceptable non-infringing substitute is an issue that can be easily understood by a jury. Finally, submitting the issue to the jury is likely to resolve the case more quickly because it would avoid any delay that might be occasioned by the separate consideration of the *Standard Havens* issue.

The Court should also exercise its discretion because of the change in circumstances since Cohesive elected to waive a jury trial on the damages issue. Obviously, Cohesive would never have made that decision if it had still faced a jury trial on the question of anticipation. Given the procedural posture of this action and the need for a jury trial on other issues, the simplest and most expeditious way to proceed is for all remaining fact issues to be presented to the same jury in a single trial that can resolve the case finally.

II. **IF THE COURT DECLINES TO ALLOW THE REMANDED DAMAGES ISSUES TO PROCEED BY WAY OF A JURY TRIAL, THE CORRECT PROCEDURE WOULD BE FOR THE PARTIES TO SUBMIT BRIEFING ON THE EXISTING EVIDENTIARY RECORD.**

If the Court declines to allow the remanded damages issues to proceed by way of a jury trial, there would be no need for a separate bench trial. The record already exists. Instead, the proper procedure would be for the parties to submit briefing, based on the evidence already in the record, so that the Court can make a determination of whether the 2.1 x. 20 mm columns are acceptable noninfringing substitutes as that term is used in *Standard Havens*, that is, whether

those columns "[lack] the advantages of the patented product." *Standard Havens Products, Inc. v. Gencor Indus. Inc.*, 953 F.2d. 1360, 1373 (Fed. Cir. 1991).

## Conclusion

For the reasons set forth above, Cohesive respectfully requests that the Court order that the remanded damages issues be tried to a jury.

                                                                              Respectfully submitted,

Dated: January 30, 2009                     /s/ Sean L. Sweeney
                                                                   Robert H. Stier, Jr. (BBO #646725)
                                                                   Michael J. Sullivan
                                                                   Sean L. Sweeney (BBO #667938)
                                                                   PIERCE ATWOOD LLP
                                                                   One Monument Square
                                                                   Portland, ME 04101
                                                                   (207) 791-1100

                                                                   *Attorneys for Cohesive Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2009 I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

                                                                   /s/ Sean L. Sweeney
                                                                   Sean L. Sweeney (BBO # 667938)