IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COHESIVE TECHNOLOGIES, INC.<br><br>    Plaintiff,<br><br> v.<br><br>WATERS CORPORATION,<br><br>    Defendant. | Civil Action Nos. 98-12308, 99-11528 and 01-12307 (DPW) |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY THAT THE WATERS OASIS PARTICLES ARE NOT "RIGID, SOLID, POROUS PARTICLES"**

Pursuant to Federal Rules of Evidence 402 and 403 and the doctrine of collateral estoppel, plaintiff Cohesive Technologies, Inc. ("Cohesive"), by its attorneys, hereby moves to exclude any argument or evidence that Waters Corporation's ("Waters") OASIS particles are not "rigid, solid, porous particles" as that term is used in U.S. Patent No. 5,772,874 ("the '874 patent") and 5,919,368 ("the '368 patent").

**INTRODUCTION**

In November, 2001, the jury found that Waters had infringed the asserted claims of the '874 patent and specifically found that the Waters OASIS particles were "rigid" particles. Transcript of November, 29, 2001, Jury Verdict at 2:15-18. On appeal, the Federal Circuit affirmed the finding that the OASIS particles are "rigid." *Cohesive Techs. v. Waters Corp.*, 543 F.3d 1351, 1362 (Fed. Cir. 2008).

Similarly, in August of 2007, this Court found that the doctrine of collateral estoppel barred Waters from arguing that OASIS particles were not "rigid" particles for purposes of infringement of the '368 patent. *Cohesive Techs. v. Waters Corp.*, 526 F.Supp.2d 84, 109 (D.

Mass 2007).  Waters chose not to pursue an appeal of this Court's judgment with respect to infringement of the '368 patent.

The only difference between Waters' 30 μm OASIS particles that were the subject of the prior proceedings and the 25 μm OASIS particles that are utilized in Waters' replacement columns is the size distribution of those particles.  The particles are identical, only the distribution of their sizes differs between the infringing "30 μm column" and the accused "25 μm column."

Accordingly, because this Court and the Federal Ciruit have previously held that the OASIS particles that make up the distribution are "rigid, solid, porous" particles, Waters is estopped from asserting that the 25 μm OASIS particles are not "rigid, solid, porous particles" as that term is used in the '874 and '368 patents.

## ARGUMENT

### I. WATERS IS ESTOPPED FROM ASSERTING THAT THE 25 μM PARTICLES ARE NOT "RIGID, SOLID, POROUS PARTICLES"

A party seeking to invoke the doctrine of collateral estoppel must establish that (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment. *See Ramallo Bros. Printing, Inc. v. El Dia, Inc.,* 490 F.3d 86, 90 (1st Cir.2007); *Simmons v. Small Business Admin.,* 475 F.3d 1372, 1374 (Fed.Cir.2007).

There can be no dispute that factors 2-4 are satisfied as a result of the prior proceedings between the parties.  First, the issue of whether the OASIS particles are "rigid" has been a central focus throughout this litigation.  Second, the jury, this Court and the Federal Circuit Court of Appeals have all unanimously determined that the OASIS particles are "rigid."  Finally, the

asserted claims of the '874 and '368 patents each require the use of "rigid, solid, porous particles," thus, the determination that the OASIS particles satisfy the limitation in the asserted claims was essential to the prior judgment.

The remaining factor, whether the issue sought to be precluded is the same as that involved in the earlier action, is satisfied here, because the sole difference between the OASIS 30 µm particles that were the subject of the prior litigation and the OASIS 25 µm particles that are currently at issue is the average size of the distribution of particles. Waters' own evidence demonstrates that the 25 and 30 µm OASIS particles are identical with the exception of their particle size distribution. The analysis performed by Waters' employee, Edward Grover, comparing the 25 µm OASIS particles to the 30 µm OASIS particles demonstrates that the particles are identical and there is a substantial overlap between the particle size distribution curves. *See* Exhibit B to the Confidential Affidavit of Edward R. Grover (Case No. 01-12307, Dkt. No. 30). In fact, the analysis performed by Dr. Grover demonstrates that virtually all the particles classified as "25 µm particles" fall within the size distribution graph for the 30 µm particles. In short, the particles in the accused column are indistinguishable from the particles in the column found to infringe.

Accordingly, because (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment, the fact that the OASIS particles in the accused columns are "rigid, solid, porous particles" is conclusively determined.

## CONCLUSION

For the reasons set forth above, Cohesive respectfully requests that the Court exclude any argument or evidence that Waters' OASIS particles are not "rigid, solid, porous particles" as that term is used in the '874 and '368 patents.

Respectfully submitted,

Dated: September 8, 2009

 /s/  Sean L. Sweeney
Robert H. Stier, Jr. (BBO #646725)
Michael J. Sullivan (*admitted pro hac vice*)
Sean L. Sweeney (BBO #667938)
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100

*Attorneys for Cohesive Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I caused a copy of the foregoing document to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

Dated: September 8, 2009

 /s/  Sean L. Sweeney
Sean L. Sweeney