IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COHESIVE TECHNOLOGIES, INC.<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WATERS CORPORATION,<br><br>　　　　　　Defendant. | Civil Action Nos.  98-12308, 99-11528 and<br>01-12307 (DPW) |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY
REGARDING THE SPARK HOLLAND PROSPEKT COLUMN**

Pursuant to Federal Rule of Civil Procedure 26(a) and Federal Rules of Evidence 701 and 403, plaintiff Cohesive Technologies, Inc. ("Cohesive"), by its attorneys, hereby moves to exclude any argument or evidence that cartridge columns sold by Spark Holland anticipate one or more claims of U.S. Patent 5,772,874 or 5,919,368 (the "Cohesive Patents"), on the grounds that such evidence is irrelevant and unduly prejudicial and has no bearing on the issues left for resolution in this action.

### ARGUMENT

To support its defenses of anticipation and invalidity, Waters Corporation's ("Waters") employees attempted to determine whether Spark Holland Prospekt columns were capable of being used in a manner similar to that claimed in the Cohesive Patents.  The test results were reported in the affidavits of Edouard Bouvier and Claude Mallet.  *See, e.g.,* Case No. 01-12307, Dkt. Nos. 83 and 84.  Drs. Bouvier and Mallet concluded that the Spark Holland Prospekt cartridges were capable of loading and eluting the analytes of interest in chromatographic analyses at 4 mL/minute, which resulted in a reduced velocity greater than 5000.  *See* Bouvier at

¶27 and Mallet at ¶33.  Drs. Bouvier and Mallet's opinions however, are irrelevant to any issue in this case, as the Spark Holland Prospekt column was not previously asserted as anticipatory and counsel for Waters has confirmed that it is not being asserted now:

> THE COURT: …Assuming, for the present purposes, just because I want to be sure I understand what is agreed upon, the five references relevant to the '874 are in and only as to Claim 15 for the Hux and Waters Catalog; is that it?
> MR. STIER: (Nodding ).
> THE COURT: So, that's the core of the invalidity case.
> MR. SCOFIELD: I think so, your Honor.

8/3/09 Hr'g Tr. at 8-15.  The five references are: Pretorius (Tr. Ex. 260), Nielen (Tr. Ex. 255), Hux (Tr. Ex. 253), Afeyan (Tr. Ex. 288) and the Waters Catalog (Tr. Ex. 247).  *Id.* at 6:1-4.

To the extent that Waters now wishes to assert that the Spark Holland Prospekt column anticipates the Cohesive Patents, it should be precluded from advancing such arguments because it failed to raise them previously.  In the previous trial Waters asserted seven references as being anticipatory: Pretorius (Tr. Ex. 260), Nielen (Tr. Ex. 255), Hux (Tr. Ex. 253), Afeyan (Tr. Ex. 288), Knox (Tr. Ex. 413), Horvath (Tr. Ex. 258), Waters Catalog (Tr. Ex. 247).  *See* Case No. 98-12308, Dkt. No. 482-4.  The Spark Holland Prospekt column was not previously asserted as anticipatory and Waters should be precluded from asserting it on remand.

Finally, to the extent that Waters wishes to introduce testimony concerning the Spark Holland Prospekt column for purposes other than anticipation, it should be precluded from doing so.  As set forth in Cohesive's brief regarding the scope the Federal Circuit's remand, Waters had the right to, but failed to challenge the Court's ruling on the Spark Holland system. *See* Case No. 98-12308, Dkt. No. 456.  Having failed to preserve the issue on appeal, Waters should be excluded from submitting evidence and testimony regarding the Spark Holland Prospekt column on remand.

## CONCLUSION

For the reasons set forth above, Cohesive respectfully requests that the Court exclude from evidence any testimony or exhibits regarding scientific testing of the Spark Holland Prospekt column.

Respectfully submitted,

Dated: September 9, 2009

 /s/ Sean L. Sweeney
Robert H. Stier, Jr. (BBO #646725)
Michael J. Sullivan (*admitted pro hac vice*)
Sean L. Sweeney (BBO #667938)
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100

*Attorneys for Cohesive Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I caused a copy of the foregoing document to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

Dated: September 9, 2009

 /s/ Sean L. Sweeney
Sean L. Sweeney